IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:19-CV-90-KDB-DSC

| | |
|---|---|
| MY'KA EL,<br><br>        Plaintiff,<br><br>v.<br><br>R. PRESTON, M. WILDE and the<br>CHARLOTTE-MECKLENBURG<br>POLICE DEPARTMENT<br><br>        Defendants. | PROTECTIVE ORDER |

THIS MATTER is before the Court upon Defendants' Motion for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. It is expected that Plaintiff will request in discovery certain information and documents pertaining to this litigation whose disclosure is governed by N.C. Gen. Stat. § 160A-168, N.C. Gen. Stat. § 132-1.4, and N.C. Gen. Stat. § 132-1.4A, including employee records and records of criminal investigations. Pursuant to the above listed statutes, certain information and documents are required to be maintained confidential by the City of Charlotte but may be made available by order of a court. In order that the litigation of this matter may proceed, it is appropriate that, if requested, the information and documents governed by the above statutes be provided to Plaintiff and other parties to this litigation, subject to appropriate protections contained in this Order. Defendants acknowledge that the release of any law enforcement agency recordings as defined by N.C.G.S. § 132-1.4A may be obtained only by an authorized person or entity pursuant to a petition filed with the North Carolina Superior Court in the county where any portion of the recording was made. Following the entry of an order by an appropriate North Carolina Superior Court releasing any such law enforcement agency recordings, those recordings may then be produced under the terms and conditions of this

Consent Protective Order by the receiving party. Defendants stipulate that they will cooperate in the filing of a joint petition for the release of relevant recordings pursuant to N.C.G.S. § 132-1.4A. In the event there is a filing fee associated with the petition, the fee will be paid equally by the parties.

Defendants request that the Court address the handling of this confidential information that may be exchanged by the parties through the discovery process during this litigation.

It is hereby ordered that any documents and information that otherwise would be withheld pursuant to N.C. Gen. Stat. § 160A-168, N.C. Gen. Stat. § 132-1.4, and N.C. Gen. Stat. § 132-1.4A shall be produced in accordance with this Consent Protective Order, and that such documents and information, and any other documents and information that contain confidential information, shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by a party as containing confidential information and designated as **CONFIDENTIAL** in accordance with this Consent Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of this proceeding and any subsequent appellate proceedings. However, any motion, memorandum, document, or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing under seal is subject to Local Rule 6.1 and applicable laws.

2. A party may designate information, documents or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word **"CONFIDENTIAL"**, or by otherwise notifying the non-disclosing party's counsel in writing and specifically identifying the documents or information that it maintains is **CONFIDENTIAL**.

3. A party may disclose confidential information designated as confidential pursuant to this Consent Protective Order only to

  a. The Court;

  b. The parties and their counsel;

  c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

  d. Consultants or experts retained or who may be retained for litigation purposes;

  e. Witnesses or prospective witnesses for discovery, trial preparation, or trial purposes; and

  f. Court reporters employed for the purpose of taking depositions.

4. Any person other than a party, a party's counsel and staff, court reporters and their staff, and the Court and its staff, who are provided with confidential information or shown confidential documents, shall execute the form attached as Exhibit A prior to disclosure of confidential information. The disclosing party shall transmit an executed copy of Exhibit A to the non-disclosing party within fourteen days of the execution of Exhibit A.

5. Counsel for the parties and *pro se* parties shall keep a record of all persons to whom disclosures are made and shall retain all disclosure forms signed by those persons.

6. Upon completion of litigation, the ultimate disposition of protected materials shall be subject to a final order of the Court. Unless so otherwise ordered, within sixty days after final disposition of the matter all confidential materials covered by this Order shall be returned to counsel for the party who provided access to the materials. In the event that any confidential documents or information are retained, such confidential documents and information will continue to be treated as confidential and governed by this Order.

7. Documents and information designated as **CONFIDENTIAL** may be utilized in the taking of depositions taken in the course of litigation. Either during the course of the deposition, or within fifteen days of receipt of the transcript of a deposition, the party who utilized confidential documents or information shall notify the other parties as to which pages or portions of the deposition transcript contain confidential information subject to the terms of this Order.

8. When a party seeks to file with the Court confidential information or documents, including confidential portions of any transcript, the party shall follow W.D.N.C. Local Rule LCvR 6.1. If the party seeking to file confidential information or documents is not the party who designated such information and documents confidential pursuant to paragraph 2 above, then they shall provide the party who so designated of their intent to file at least three days before they file the requisite motion under LCvR 6.1(c) so that the parties can confer as to whether such information and documents should be filed under seal.

9. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents of information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

10. In the event a party disputes the designation of information or documents as **CONFIDENTIAL**, counsel for the disputing party or the disputing *pro se* party shall notify the designating party in writing of such dispute, which may include notification by email. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation. If

the parties cannot resolve the dispute, the disputing party or designating party may file a motion with the Court for a ruling on the designation.

11. The party maintaining that the information or documents are confidential shall bear the burden before the Court to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or motion and until the Court rules, the information or documents designated as **CONFIDENTIAL** shall remain subject to the designations and restrictions of this Order.

12. The handling of information designated as **CONFIDENTIAL** at trial shall be a matter addressed by the Court at the final pre-trial conference.

13. Nothing in this Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection. Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document or materials are subject to or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of legally recognized protection or privilege, shall not waive the protection for either the document or information contained in the documents or materials.

14. Pursuant to Federal Rule of Evidence 502(b) and (d), an inadvertent failure to designate qualified information, documents or items as "CONFIDENTIAL" does not waive the designating party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely notification of the designation by the designating party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a party disputes

the subsequent designation of material as "CONFIDENTIAL" under this paragraph, a party may dispute the designation as provided in paragraph 10 above.

15. This Order does not apply to any documents or information which is deemed to be a "matter of public record" pursuant to N.C. Gen. Stat. §160A-168 or N.C. Gen. Stat. § 132-1.4.

16. This Order shall not prevent either party for applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

17. This Order may be modified only upon further order of this Court.

**SO ORDERED**.

Signed: May 5, 2021

David S. Cayer
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:19-CV-90

MY'KA EL,

    Plaintiff,

 v.

R. PRESTON, M. WILDE, and the
CHARLOTTE-MECKLENBURG
POLICE DEPARTMENT

    Defendants.

## DECLARATION OF COMPLIANCE

I have been informed by counsel that certain documents or information to be disclosed to me in connection with this matter pending in the United States District Court for the Western District of North Carolina have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "PRODUCED PURSUANT TO PROTECTIVE ORDER" or otherwise designated to me as confidential, either verbally or in writing, is subject to a confidentiality Order of the Court and that I cannot be disclose the information to anyone outside of this lawsuit.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person and will only discuss the matters related to this case, and I further agree not to use any such information for any purpose other than this litigation.

DATED:_____

_____
Name – Please Print

_____
Signature

Defendants' Proposed Protective Order Exhibit A