IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00090-KDB-SCR

| | |
|---|---|
| MY'KA EL, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| R. PRESTON JR, et. al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on pro se Plaintiff's two-page filing captioned "[Motion for] Joinder of Other Parties Designation of Mediator Amendment of the Pleading" (Doc. No. 53) and Defendants' "Objection to Plaintiff's Combined Motion for Joinder, Compel Discovery and Reconsider" (Doc. No. 54).

Construing Plaintiff's inartful pleading liberally, Plaintiff asks the Court to join other parties who evidently were involved in a criminal indictment issued in 2004 (15 years before the events at issue here), to appoint a mediator, and to compel the production of information that is properly the subject of discovery requests. At the outset, the undersigned notes that the deadline for motions for joinder or to amend was April 1, 2024. (Doc. No. 47 at 1). Moreover, Plaintiff's Motion does not state any basis for joinder or amendment.

Even excusing pro se Plaintiff's untimely filing, Plaintiff has failed to comply with the Court's Orders in more substantive ways. On March 8, 2024, the undersigned resolved Plaintiff's discovery objections in a Text-Only Order as follows:

> Pro Se Plaintiff[']s discovery objection stated in Document 52 fails to state a
> sufficient basis for relief. Accordingly, it is DENIED without prejudice to Plaintiff

following the procedure outlined in the Pretrial Order and Case Management Plan [Doc. No. 47]. The Court cautions Plaintiff that there is a requirement to meet and confer with the Defendants to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. 47 at 7. Because of Plaintiff[']s pro se status, the Court excuses the parties from requesting an informal conference after they meet and confer. Rather, if the parties are unable to resolve their discovery dispute between themselves, either may file a formal discovery motion and supporting brief, which should include, among other things, a statement of the facts relevant to the motion with appropriate citation to the record, 2) a statement of the party's legal argument, including citations of authority, and 3) a clear statement of the ruling or relief being requested. 47 at 2. So Ordered.

Plaintiff's Motion does not comply with the above Order, the Pretrial Order and Case Management Plan (Doc. No. 47) or the Federal Rules of Civil Procedure. The Text-Only Order excuses the parties only from the requirement to request a telephone conference with the Court. Otherwise, all other requirements of the Federal Rules of Civil Procedure and the Pretrial Order and Case Management Plan continue to apply. Plaintiff's Motion does not state that he filed a formal discovery request, or that after receiving Defendants' responses or objections, he conferred with defense counsel to resolve any disagreements without involving the Court. The Motion does not contain the information, quoted above, required for a formal discovery motion. Defendant credibly states that Plaintiff did none of those things. (Doc. No. 54 at 2).

Defendant also points out that the parties previously mediated their dispute unsuccessfully. "Mediator's Report …" (Doc. No. 30). Nevertheless, the current Pretrial Order contemplates mediation on or before June 3, 2024. (Doc. No. 47 at 1).

**For the foregoing reasons, it is HEREBY ORDERED that:**

1. Plaintiff's Motion for Joinder of Other Parties is **DENIED**;

2. To the extent Plaintiff's Motion seeks to compel production of discovery, Plaintiff's Motion is **DENIED** without prejudice to the parties pursuing discovery in the manner required by

the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan (Doc. No. 47), and the Court's prior Order on March 8, 2024.

2. To the extent Plaintiff's Motion requests that the Court appoint a mediator, that request is **DENIED**. Consistent with the Pretrial Order and Case Management Plan (Doc. No. 47), the parties shall meet and confer to select a mediator, and notify the Court of their selection no later than June 5, 2024.

3. The discovery deadline is extended to July 3, 2024, the mediation deadline is extended to July 24, 2024, and the dispositive motions deadline is extended to August 5, 2024.

4. The Clerk is directed to send copies of this Order to pro se Plaintiff, defense counsel, and to the Honorable Kenneth Bell.

**SO ORDERED**.

Signed: May 22, 2024

Susan C. Rodriguez
United States Magistrate Judge