`IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00090-KDB-SCR

MY'KA EL,

    Plaintiff,

    v.

M. WILDE,
R. PRESTON JR, AND
CHARLOTTE MECKLENBURG
POLICE DEPARTMENT,

    Defendants.

**ORDER**

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 63). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating

1

whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.    FACTUAL BACKGROUND

On February 1, 2019, Plaintiff My'Ka El was traveling from his family's house toward Interstate 77 when he was stopped by police at a red light. *See* Doc. No. 64-1 at 11.[1] Defendant Charlotte Mecklenburg Police Officers M.D. Wilde and R. Preston allegedly stopped Plaintiff's vehicle because of a "burned out headlamp and fictitious tag." *Id.* As the officers approached the vehicle, they observed what appeared to be marijuana in the ashtray. *Id.* They then asked Plaintiff to exit the vehicle, which Plaintiff did before removing several items from his pants pockets and handing them to the officers. *Id.* Plaintiff then allegedly fled from the officers before falling in a hole and injuring his leg. *Id.*

The officers then apprehended Plaintiff, handcuffed him, and conducted a pat down before placing Plaintiff in the rear seat of the patrol vehicle and calling a medic to address his injured leg.

---

[1] *Pro se* Plaintiff's Statement of Facts in his Complaint is at points difficult to understand and omits relevant portions of the pertinent facts. The Court, therefore, relies upon the facts as testified to by Plaintiff's attorney in the state court proceedings.

*Id.* After finding no contraband in the vehicle or surrounding area, the officers allegedly conducted another more thorough pat down and Officer Preston felt what he believed to be drugs under Plaintiff's pants. *Id.* at 12. He unsuccessfully sought to remove the item several times. *Id.* Officer Preston allegedly declined to conduct the search in the ambulance that had just arrived, as Officer Wilde suggested, and instead cut off Plaintiff's pants to retrieve the item. *Id.* The item turned out to be cocaine. *State v. El*, 900 S.E.2d 236 (Table), at *1 (N.C. Ct. App. May 7, 2024).

A state court Magistrate Judge found that there was probable cause for Plaintiff's arrest and detention on February 4, 2019. Doc. No. 64 at 4. Plaintiff waived his right to a probable cause hearing. *Id.* at 5. On February 22, 2019, Plaintiff filed this case, alleging that Defendants violated his constitutional rights when they allegedly stopped his car, removed him from his vehicle "until something was found [that he] could be arrested on without a warrant," placed him in the back of the police car, and cut off some of his clothing. Doc. No. 1 at 3. Specifically, he brought this action under 42 U.S.C. § 1983 for violations of "Due Process of Law" in addition to the Sixth, Eighth, and Fourteen Amendments to the U.S. Constitution *Id.* at 1. He seeks $200 million in damages against each Defendant. In reviewing Plaintiff's Motion to Proceed *in Forma Pauperis*, the then-assigned District Judge considered his claims to more accurately be for unlawful stop, search, and seizure and excessive force under the Fourth Amendment. *See* Doc. No. 6 at 2-3. The judge allowed Plaintiff's claim to proceed but noted that "there is little doubt that plaintiff's Fourth Amendment claims could be subject to *Younger* abstention." *Id.* at 4.

While this case proceeded, so did the state criminal case. On April 2, 2019, a state court Magistrate Judge again found that there was probable cause for Plaintiff's arrest, this time for a different charge arising out of the February 1, 2019, encounter. In July 2022, while this case was stayed pursuant to the Servicemembers Civil Relief Act, Plaintiff was convicted in state court by

3

a jury of trafficking in cocaine and being a habitual felon. Doc. No. 64-1 at 101-2. He was sentenced to 60-84 months in prison. *Id.* at 105. He appealed his conviction and argued that the initial search of his person was unlawful and thus the state trial court erred by denying his motion to suppress the cocaine found during the search. *El*, 900 S.E. 2d at *1; *see also* Doc. No. 64-2 at 1-52. The North Carolina Court of Appeals disagreed and concluded that the search was reasonable under the circumstances and affirmed the denial of Plaintiff's motion to suppress. *Id.* at *3.

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 63). Plaintiff filed three motions since the filing of Defendants' motion alleging that Defendants have "kidnapped" him and held him in a state prison, but he did not respond to this motion directly. *See* Doc. Nos. 67, 69, 71. The Magistrate Judge denied each of Plaintiff's motions because his request for release from confinement was not cognizable in this unrelated civil rights action and instead needed to be brought in a separate civil action. *See* Text-Only Orders on July 19, 2024, July 24, 2024, and August 1, 2024.

## III.    DISCUSSION

### A.    <u>Defendant Charlotte Mecklenburg Police Department ("CMPD")</u>

Defendant CMPD argues that it must be dismissed from this case because it is not a cognizable legal entity subject to suit. *See* Doc. No. 64 at 2 n.2. In order to successfully allege a violation of 42 U.S.C. § 1983, Plaintiff must show that a "person" acting under the color of state law violated his constitutional rights. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); *see also Smith v. Munday*, 848 F.3d 248, 256–57 (4th Cir. 2017). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth*

*City*, 81 S.E.2d 386, 397 (N.C. 1954). Therefore, departments of municipalities are not susceptible to suit without statutory authorization. *See Martin v. Mecklenburg Cnty. Park & Recreation Dep't*, No. 3:06-CV-290, 2006 WL 3780418, at *2 (W.D.N.C. Dec. 20, 2006). So, "under North Carolina law, police departments cannot be sued as entities." *Smith*, 848 F.3d at 256–57 (citing *Ostwalt v. Charlotte–Mecklenburg Bd. of Educ.*, 614 F.Supp.2d 603, 607 (W.D.N.C. 2008)); see also *Moore v. City of Asheville*, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); *Wilson v. Fayetteville Police Dep't*, No. 5:13-CV-178-BO, 2014 WL 555663 (E.D.N.C. Feb. 11, 2014) (dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued.").

In sum, Plaintiff's claims against the CMPD must be dismissed because CMPD lacks the legal capacity to be sued.

## B.     Individual Defendants: Officers Wilde and Preston

In his Complaint, Plaintiff is challenging the constitutionality of the initial stop, seizure, and search of his person. His allegations can be divided into two separate claims: (1) the initial stop, seizure, and search and (2) his excessive force claim. The Court finds that both claims are barred by the doctrine of *res judicata*. Further, the Court concludes that the principles of *Heck v. Humphrey* and, as the previously-assigned District Judge noted, *Younger v. Harris*, could support declining to interfere with Plaintiff's state conviction through a Section 1983 action.

### 1.     *Res Judicata*

*Res judicata* encompasses two concepts: claim preclusion and issue preclusion (or collateral estoppel). *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). The

rules of claim preclusion provide that if later litigation arises from the same cause of action as a prior litigation, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Issue preclusion, on the other hand, "is more narrowly drawn" and "operates to bar subsequent litigation of those legal and factual issues ... that were 'actually and necessarily determined by a court.'" *Orca Yachts L.L.C.*, 287 F.3d at 318 (quoting *In re Varat Enters., Inc.*, 81 F.3d at 1315).

For collateral estoppel to apply, (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. *See Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.2d 219, 224 (4th Cir. 1998). "A suppression hearing in an earlier state criminal trial collaterally estops the relitigation of the same issues in a § 1983 action if the elements of collateral estoppel are met." *Gray v. Farley*, 13 F.3d 142, 146 (4th Cir. 1993) (citing *Allen v. McCurry*, 449 U.S. 90, 105 (1980)); *see also Benanti v. Poynter*, 1:19-cv-147-MR, 2022 WL 5502315, at *6 (W.D.N.C. Sept. 11, 2023).

The Court finds that the broad scope of Plaintiff's appeal in state court prevents this Court from relitigating the issues raised in his state trial court proceedings. There, Plaintiff, represented by counsel, filed a motion to suppress any evidence relating to or derived from the search of his person, which he argued was obtained without consent and without a search warrant, and also suppress any statements alleged to have been made by Plaintiff to law enforcement officers at the time. *See* Doc. No. 64-1 at 9-10. The motion was denied. Plaintiff appealed this decision after his

conviction to the North Carolina Court of Appeals, where he was again represented by counsel. There, the court specifically examined whether "the trial court erred by denying his motion to suppress the cocaine found during the search, contending that the search was conducted in an unreasonable manner and was, therefore, unconstitutional." *El*, 900 S.E.2d at *1.

Plaintiff's claim here is no different because he raises the same argument that the search, and the manner in which he was searched, violated his constitutional rights. However, both the state trial judge and appellate court necessarily found that the search of Defendant's person and the surrounding circumstances of the search were constitutionally reasonable under the circumstances even if less intrusive avenues to conduct the search existed. *Id.* at *3; *see Gray*, 13 F.3d at 147 ("The subject of the [suppression] hearing clearly was whether Gray had been beaten, and the state trial judge, in denying the motion to suppress, necessarily found that Gray's confession had not been coerced. The West Virginia Supreme Court of Appeals affirmed that ruling."). Had either state court found that it was unconstitutional, Plaintiff's criminal case would have been dismissed. In sum, a review of the record indicates that Plaintiff had a full and fair opportunity to litigate the question of whether the search for and discovery of the cocaine was unconstitutional at the probable cause stage, where he waived the hearing, the motion to suppress, his trial, and on appeal, but he was unsuccessful. *See Benanti*, 2020 WL 5502315, at *7 ("Plaintiff had a full and fair opportunity to litigate the issues and strenuously did so in a Motion to Suppress, suppression hearing, *pro se* Motion for New Trial, and on appeal.").

Plaintiff cannot relitigate the circumstances of his arrest in this Court and so his claims must be dismissed.

### 2.  *Heck v. Humphrey*

The Court also finds that the principles of *Heck v. Humphrey* are applicable to the facts of this case, even if the doctrine itself would not bar Plaintiff's claims. In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486–87 (1994) (footnote removed). The *Heck* Court accordingly concluded that district courts, when considering a state court prisoner's claim for damages, "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Fourth Circuit has imposed two further requirements for *Heck* to bar a § 1983 claim. First, a judgment in Plaintiff's favor must necessarily imply the invalidity of his conviction or sentence. *See Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 197 (4th Cir. 2015) (quoting *Heck*, 512 U.S. at 487). Second, a claim may only "be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody." *Id.* (citing *Wilson v. Johnson*, 535 F.3d 262, 267-68 (4th Cir. 2008).

Here, Plaintiff challenges the constitutionality of the traffic stop, seizure, and search in totality and appears to assert that the evidence and arrest that followed the stop were the fruit of an illegal stop. However, a successful § 1983 claim would require the Court to find that the search

8

was unlawful and the resulting "illegality of the search would require the suppression of the evidence seized." *Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003). Plaintiff "has advanced no circumstances, nor conceived of any to our knowledge, to suggest how the state could convict him of cocaine trafficking if the automobile stop were to have been found illegal. In the particular circumstances of this case, there could be no independent source for the cocaine and no inevitable discovery of it." *Id.* Thus, "were that evidence to be suppressed by reason of the illegality of the search, the conviction could not be salvaged." *Id.* Accordingly, the Court finds that a judgment for Plaintiff would necessarily imply the invalidity of his conviction.

Having found that Plaintiff's claims necessarily imply the invalidity of his conviction, the Court must next examine whether he has received a favorable previous judgment regarding that conviction. The Court finds he has not. In fact, the North Carolina Court of Appeals recently affirmed the state trial court's denial of Plaintiff's motion to suppress the cocaine found during the search. *See El*, 900 S.E. 2d at * 3.

Plaintiff's case, however, features unusual circumstances that differ from the more typical situation where a state prisoner (or former state prisoner) files a Section 1983 action. The events in dispute occurred on February 1, 2019. On February 4, 2019, a state Magistrate Judge upheld the arrest in an Order, stating that "I, the undersigned, find that the defendant named above has been arrested without a warrant and the defendant's detention is justified because there is probable cause to believe that on or about the date of the offense shown and in the county named above the defendant named above did unlawfully, willfully and feloniously did possess 28 GRAMS OR MORE of Cocaine." Doc. No. 64-1 at 4. Plaintiff filed his Complaint in this case on February 22, 2019. *See* Doc. No. 1. The same Magistrate Judge upheld the arrest and detention of Plaintiff on a different charge related to the initial encounter (resisting, delaying, and obstructing an officer

during the course of his duties) on April 2, 2019. However, the record does not decisively indicate whether Plaintiff was in custody, and therefore had access to federal relief by filing a habeas action, at the time he filed his Complaint in this Court.[2] Accordingly, the Court cannot conclusively determine whether *Heck* would bar Plaintiff's § 1983 claim because it is not clear whether he had meaningful access to pursue a habeas action, even though his claim clearly seeks to invalidate the state arrest that led to his state court conviction.

The Court further notes that the application of the "custody" limitations of *Heck* under these circumstances would compel an odd result. If Plaintiff had been in custody when he filed this action, *Heck* would likely compel the Court to dismiss Plaintiff's Complaint because granting relief under Section 1983, as discussed above, would necessarily imply the invalidity of the search which would not only reverse the state Magistrate Judge's probable cause finding which validated the arrest, but also render the subsequent conviction and sentence invalid. However, because Plaintiff may not have been in custody, *Heck* may not bar his suit. In short, allowing a plaintiff in these circumstances to avoid *Heck* not only provides an extra bite at the apple for individuals granted pretrial release (compared to those who are held in custody during the pendency of their cases), but creates an inadvisable incentive to file a Section 1983 case as soon as possible in an attempt to gain an opportunity to seek relief under Section 1983 which would plainly not be available once the plaintiff begins his state prison sentence.

---

[2] Neither party has addressed this point. The Court also cannot take judicial notice of Plaintiff's arrest records from February 2019 because the Mecklenburg County Sherriff's Office only maintains three years of data on its website. *See* FAQ, "How Often is this Information Updated?", https://mecksheriffweb.mecklenburgcountync.gov/Inmate/FAQ (last visited Aug. 7, 2024).

### 3.    *Younger* Abstension

The *Younger* abstention doctrine was not briefed by the parties, despite the previously-assigned District Judge noting its applicability early in the proceedings. *See* Doc. No. 6 at 3-5. However, as it was introduced earlier in the case but left unresolved, the Court will address it here.

The Supreme Court held in *Younger v. Harris*, that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under this doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. *Emp'rs Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, at the time Plaintiff filed this suit, criminal charges were pending in which the validity of the stop, arrest, and search, and the alleged use of force that are at issue in this § 1983 case, were to be and ultimately were addressed.

The Plaintiff has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to *Younger* abstention and necessitate federal intervention. *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Court would if necessary, therefore, find that it ought to abstain from addressing the Plaintiff's claims due to the previously initiated state court criminal charges and dismiss his Complaint. *See Nivens v. Gilchrist*, 444 F.3d 237, 246 (4th Cir. 2006) ("Because Younger is in part based on the idea that a state court is equally competent in deciding federal constitutional issues when faced with a pending prosecution, Younger does not contemplate those issues returning to federal court." (citation omitted)).

In conclusion, multiple doctrines caution against this Court allowing Plaintiff to re-litigate his claims in federal court and so the Complaint must be dismissed.[3]

**SO ORDERED.**

Signed: August 8, 2024

Kenneth D. Bell
United States District Judge

---

[3] On July 2, 2024, Plaintiff filed an informal brief for his pending appeal to the Fourth Circuit. *See* Doc. No. 62. A review of his appeal indicates that his appeal is more akin to a collateral attack on his state conviction and further does not address the issues relevant to this motion. For instance, he raises allegations of prosecutorial misconduct, ineffective assistance of counsel, and argues that the state criminal indictment was defective, none of which were included or mentioned in his federal pleadings. *Id.* at 5. He further seeks to join other parties, to receive a restraining order against the Defendants and their "allies," favorable resolution of a discovery dispute, and a contact order preventing Defendants from contacting Plaintiff without Court approval. *Id.* at 6.

The Court finds that this motion does not implicate the questions being appealed because this Order is limited only to explaining why the Court cannot consider Plaintiff's Section 1983 claim on the merits. *See In re Murphy-Brown, LLC*, 907 F.3d 788, 793 (4th Cir. 2018) (noting that "district courts formally lose jurisdiction over the questions being appealed.").

12